■ WARREN SHAPERA, Third-Party Plaintiff-Respondent, v CARLTON V. HASSELBACK et al., Individually and as Trustees Under a Trust Created by CARLTON W. HASSELBACK, Deceased, Third-Party Defendants-Appellants. [630 NYS2d 162] —Order and judgment unanimously reversed on the law without costs, motion denied, cross motion granted and third-party complaint dismissed. Memorandum: Supreme Court erred in granting third-party plaintiff (Shapera) summary judgment on his third-party complaint seeking indemnification from third-party defendants (Hasselbacks) for the amount of damages that Shapera had previously been adjudged to owe Kmart Corporation in the related main action previously before this Court (see, Kmart Corp. v Shapera, 207 AD2d 1046). Nothing in the language of the easement contained in the deed or the easement agreement requires that the Hasselbacks affirmatively "prevent" their customers from parking upon the right-of-way easement. The truck stop customers who parked upon Kmart's lot are trespassers, and they may be liable to Kmart as tres-

passers. However, there is no affirmative covenant in the deed that would expressly shift liability for that trespass to the Hasselbacks.

Moreover, by holding that the Hasselbacks are liable to Shapera based on their action in removing the log barriers, the court effectively held that the Hasselbacks were required under the easement to erect or maintain a barrier. That interpretation is at odds with the language of the easement, which provides that "no fencing will be erected which would deny the enjoyment of the easement herein reserved". The agreement cannot be read as creating additional obligations on the part of the Hasselbacks.

The court also erred in requiring the Hasselbacks to indemnify Shapera for the cost of private security. The award of the cost of private security against Shapera in the main action was premised upon the provisions of a lease agreement, pursuant to which the tenant had the right to take essentially whatever action it deemed warranted upon the landlord's failure to take action as demanded. Shapera's obligations under the lease are different from those under the easement, however, and are not binding upon the Hasselbacks in this third-party action. (Appeal from Order and Judgment of Supreme Court, Erie County, Doyle, J.—Summary Judgment.) Present—Green, J. P., Lawton, Callahan, Balio and Bohem, JJ.